Matter of Storm A. H. (Jahmel W.) (2026 NY Slip Op 00773)

Matter of Storm A. H. (Jahmel W.)

2026 NY Slip Op 00773

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2024-10742
 (Docket No. B-6607-21)

[*1]In the Matter of Storm A. H. (Anonymous), etc. Graham Windham, petitioner-respondent; Jahmel W. (Anonymous), appellant, et al., respondent.

Lewis S. Calderon, Jamaica, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Polixene Petrakopoulos, and Jess Rao of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Joan Piccirillo, J.), dated July 18, 2023. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated the father's parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights on the ground of permanent neglect. Following fact-finding and dispositional hearings, the Family Court, among other things, found that the petitioner established by clear and convincing evidence that the father permanently neglected the child, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The father appeals.
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 658 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 680). Diligent efforts may include counseling, making suitable arrangements for parental visitations, exploring the possibility of having a proposed family member care for the child, and advising the parents of the child's progress and development (see Matter of Benz G. [Nadia B.], 241 AD3d 684, 685; Matter of Drevon L. [Tiron L.], 180 AD3d 909, 910). [*2]"Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Dynasty S.G. [Paula G.], 228 AD3d at 658 [internal quotation marks omitted]; see Matter of Orazio R. [Nanci P.], 233 AD3d 689, 690). A period of incarceration does not obviate the obligation to plan for the child's future (see Matter of Benz G. [Nadia B.], 241 AD3d at 687).
Here, contrary to the father's contention, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parent-child relationship. The petitioner established that it kept the father apprised of the child's welfare, explored the possibility of having the paternal grandmother care for the child, as the father proposed, and scheduled consistent visitation between the father and the child (see Matter of Drevon L. [Tiron L.], 180 AD3d at 910; Matter of Justin A.G.M. [Richard G.V.], 167 AD3d 1016, 1017). Further, the petitioner established that, despite its diligent efforts, the father failed to plan for the return of the child. The father failed to consistently attend scheduled visits with the child, suggest viable planning resources, or provide the petitioner with information to assist in assessing whether the father had suitable housing. Contrary to the father's contention, a suspended judgment is not appropriate where, as here, a child has lived with his or her foster parent for most of the child's life, is strongly bonded to the foster parent, and is well cared for in the foster parent's home (see Matter of Ahking-Tyheem C.J. [Letitia M.E.], 238 AD3d 754, 757; Matter of Amira W.H. [Tamara T.H.], 207 AD3d 546, 548).
Accordingly, the Family Court properly found that the father permanently neglected the child, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
GENOVESI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court